# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

No.   16-7208,   <u>US v. Franesiour Kemache-Webster</u>

8:10-cr-00654-RWT-1, 8:14-cv-02005-RWT

1. **Declaration of inmate filing** (for inmates relying on deposit of notice of appeal in institution's internal mail system to establish timeliness of notice of appeal) An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

I am an inmate confined in an institution. I deposited my notice of appeal in the institution's internal mail system on _November 07, 2016_ [insert date]. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: _Jon Franesiour B. Kemache-Webster_ Date: _07 November 2016_

---

2. **Jurisdiction**

Name of court from which you are appealing:

_Southern District of Maryland, Greenbelt   Judge Roger W Titus_

Date(s) of order or orders you are appealing:

_Decided on:_

3. **Certificate of Appealability**

Did the district court grant a certificate of appealability?   Yes [ ] No [X]

If Yes, do you want the Court of Appeals to review additional issues that were not certified for review by the district court?   Yes [X] No [ ]   _See primary filing 16-7208_

If Yes, **you must** list below the issues you wish to add to the certificate of appealability issued by the district court. If you do not list additional issues, the Court will limit its review to those issues on which the district court granted the certificate.

_See Attached Sheet marked_
_Additional Issues For Review_
_page 6 through 10_

(3)

## 4. Issues on Appeal

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider on appeal. You must include any issue you wish the Court to consider, regardless of whether the district court granted a certificate of appealability as to that issue. You may cite case law, but citations are not required.

**Issue 1.**    Conflict of Interest

**Supporting Facts and Argument.**

A. Sixth Amendment Constitutional Violation
See: Page 11 through 13 of Amended Informal Brief
- There's a [Strickland v.] Washington; and
[Cuyler v.] Sullivan issue raised

**Issue 2.**    Sentencing Disparity

**Supporting Facts and Argument.**

A. Fifth and Fourteenth Constitutional Violation
See: Page 14 through 16 of Amended Informal Brief
- There's a [Molina-Martinez v.] United States; and
United States [v. Mudekunye]; [Puckett v.] U.S.

**Issue 3.**    Batson Violation

**Supporting Facts and Argument.**

A. Fourth, Fifth and Fourteenth Constitutional Violation
See: Page 17 through 22 of Amended Informal Brief
There's a Batson and Alabama issue raised

**Issue 4.**    Variance of Indictment

**Supporting Facts and Argument**

A Fourth and Fourteenth Constitutional Violation
See: Page 23 through 25 of Amended Informal Brief

**5. Relief Requested**

Identify the precise action you want the Court of Appeals to take: The appellant's Sentence should of not been more than 10 years -- He should of not been convicted at all He wishes the conviction vacated or remanded for proper deliberation

**6. Prior appeals (for appellants/petitioners only)**

A. Have you filed other cases in this Court? Yes [X] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

First: Cr-96-025 & 1049 ; 03-041-1994
Granted Delayed Appeal -- was released
before the filing could take place

Second: 11-4801 Southern District of Md
Denied - Conviction / Sentence Affirmed

Third: 15-6844 Southern District of Md
Denied Conviction / Sentence Affirmed

Fourth: 16-9922 .. Motion Filed on July 25, 2016
Never received outcome
Southern District of Maryland states Denied

_F.B K Kemache-Webster_
Signature
[Notarization Not Required]

_Jon Fransoiow B. Kemache-Webster_
[Please Print Your Name Here]

**CERTIFICATE OF SERVICE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on 07 Nov. 2016 I served a copy of this Informal Brief on all parties, addressed as shown below: by request of the Clerk of The Court to [ECF] to all parties involved by Cover missive dated on November 2016

_F.B K Kemache Webster_
Signature

```
NO STAPLES, TAPE OR BINDING PLEASE
```

(5)

Additional Issues For Review


1.- Failure To Interview:

 a) Alibi Witnesses

 b) Impartial Witnesses

 c) Prosecution Witnesses[Mother & Daughter]


2.- Failure To Investigate:

 a) Prosecution Witnesses[Mother & Daughter]

 b) Alibi Witnesses

 c) Transcripts of Prior Adjoining Case

 d) Information Provided By Defendant

 e) Character Witnesses[Spouse, Family, ect]

 f) Prosecutrix [Daughter for Trial]

 g) Following Subpoena Powers To Obtain The
    Proper Procedures To Secure The Presence      of Witnesses
For Trial and Sentencing

 h) Disposition of Earlier Cases Involving      The Instant
Offense


3.- Pre-Trial Proceedings:

 a) Failure To Seek Defendant For Bail

 b) Improper Procedure To Secure Alibi Wit-
    nesses and Prosecutrix

 c) Failure To Place Defendant On Stand


4.- Appellant Counselor's Failure To Address
    The Issues That Were Placed Under Seal &
    Appeal On Direct Appeal:

(6)

5.- Motions Practice:

a) Failure To Argue Defendant's Rule 29, Where Counsel Was Ordered By The Trial Court To Assist The Defendant

b) Failure To Contribute To The Rule 29, Where It Is Shown That The Rule 29 Does Have Merit

c) Failure To Supoena Witnesses - Under The Use of Subpoena Powers For The Defendant

d) Failure To Move On The Grounds Of Double Jeopardy Grounds - Where Issues of The Case Had Been Presented Six Months Prior    In Another

Federal Court.- D.C. Superior

6.- Jury Selection Proceedings:

a) Failure To Challenge Jury Selection Pro-    cedure:

* In general

* For Race and / or sex-gender composition

7.- Conduct of Trial:

a) Failure To Challenge The Amended Indict- ment --- Where The Defendant Had Not, In Fact Been Charged With Addition Offenses

b) Failure To Call For Mistrial Where The Indicment Was Amended And Varied

c) Failure To Call Witnesses For The Defen- dant

* In general

(7)

* Chacracter, Critical,or Expert Witnesses

d) Failure To Invoke Subpoena Powers By       The Counsel
of Record For The Defense

e) Failure To Raise Collateral Estoppel

f) Failure To impeach Witness [Mother]

g) Failure To Correct Prosecution's Use of
   False Testimony To Secure Conviction

h) Failure To Correct Judge On Issuing       Improper Jury
Instructions On The Case

i) Failure To [Cross Examination]

 * Denial Of Right To

 * Inadequate

 * Failure To Object To Limitations On


8.- Failure To Raise An Indicated Defense:

a) Double Jeopardy

b) Collateral Estoppel

c) Alibi

d) Good Faith

e) Venue

f) Lack of Intent

g) Lack of Premeditation

h) Absence of Coercion

i) Absence of Enticement

j) Void For Vagueness Of The Charge


9.- Failure To Offer Instructions:

a) Lesser Included Offense

b) Improper Jury Instruction On The Issued       [Substantial

Step Prong] To The Charge

10.- Sentencing:

  a) Failure To Object To Judge Found Factors

  b) Failure To Object To Improper Criminal

     History Score and Category of Defendant

  c) Failure To Object To The Judge Court's

     Order of Placement In The [CTU]'s      Counter

Terrorism Unit's [CMU] Communi-

     cations Management Unit of Terre Haute,

     Indiana --- To Service An Imposed LIFE     Sentence,

Where It Is Undisputed That

     Defendant's Criminal History Score And

     Category Added Up To Less Than Ten Years

  a) Failure To Address The Fact That The     Defendant's

Case Was Traded For A Career

     Criminals Case --- Who Had A Far Worst

     Record and a Career History of The Type

     of Crime Receives 144 months as opposed

     To receivership of a LIFE Sentence

  b) Failure To Inform Defendant That The     Rule 29

Hearing Was Being Held At The

     Sentencing Hearing --- Where It Is Un-

     disputed That The Hearing Was Shecduled     For A Much

later Date In August of 2011

11.- Failure To Raise Issues On Direct     Appeal:

  a) Failure To Raise Issues That Were Under

     Seal and Appeal

b) Failure To Argue The Court Agreed To Be        Entered
Supplemental Brief of the Appel-
    lant On Direct Appeal --- Oral Argument


12.- Defense Counsel's Conflict of Interest:
  a) Court Not Accepting Counsel's Missive Of
     There Being A Conflict of Interest
  b) Actual Prejudice Shown
  c) Worked Against The Client's Interest
  d) Did Not Secure Subpoena of Prosecutrix
  e) Had Never Defended That Type Of Crime,
     And Made Clear That Type Of Crime Was Of
     The Type Of Crimes That He Does Detest
  f) Conflict of Interest Manifested At Trial        And At
Sentencing --- Judge Refused To
     Remove Either Counsel or Defendant From
     The Matters of The Case.

Amended Informal Brief:

Issue 1. - Conflict of Interest

The Cilient/ Attorney privilege, e.g... relationship had become broken from the very begining, the appellant on numerous occassions had expressed and explained to the lawyer; Mr. Gary E. Proctor Esq.; that there are records and files that would express and explain the communications and conversations in better detail --- if he were to make the attempt to retrieve the records from the D.C. Superior Court, that were dated on March 26, 2010; (6 months prior to the complaint and arrest of the appellant in relatioship to the instant offense of Title 18 Section 2422(b)); yet, they were not sought, retrieved, nor reviewed to see if they had merit.

The Client / Attorney privilege and relationship were at issue where the lawyer had mistaken the appellant's case for that of another defendants case, that consisted of the exact same charge, with the exact same officials attached to the appellant's case as they were with the defendat --- that was unknown or established to the appellants case. (See: Micheal Allen Alper; 11-0344-RWT Document #6 of his case, 8:11-cr-0344-RWT-1)

The defendant, [Alper] had a career history of such crime(s) with that of: multiple --- jurisdictions, victims, and also arrest of: Title 18 Section 2422(b), he also had the exact [same], AUSA's, Gov't officials and Judge {Roger W.Titus} on his case as that of the appellant, yet when he [Alper] was offered a plea he was given 120 months to 168

months, and; sentenced to 144 months, when the appellant was
offered a plea, he ways offered 300 months, he went to trial -
- had an all women jury and therefore sentenced to a term of
[LIFE]. Mr. Alper was given a bond and released pending trial,
the Appellant was given no bond, Mr. Apler was given self
surrender after he was sentenced to a term of 144 months, the
Appellant was remanded to the D.C.-CCA/CTF, after sentenced to
[LIFE] and court ordered to service it in a terrorism unit
[CMU] of: Terre Haute, Indiana, for the duration of his
sentence.The Client / Attorney privilege e.g. relationship was
broken, when the lawyer; Mr.Gary E. Proctor Esq., did not have
[a]ny witness's made available to give any type of proof or
alibi for the appellant based on what was and had been
transpiring towards the appellant and his than teenaged
daughter. The lawyer's failure to uncover the fact that there
had been several gov't, public, private and family officials
made aware and notified of the information and the allegations
that would of rendered the appellant's alibi of why the
communications and conversations had taken place, and that the
appellant [was not] th person of interest, but, that of the
birth mother and step-father, whom the daughter had stressed
to everyone from the inception of the case. See: [Lynn v.]
Teny; 405 Fed App'x 753 (4th Cir. 2010); or the fact that the
lawyer's failure to uncover the fact that the birth mother did
in fact have fore-knowledge of the prior incidents that were
transpiring within the life of the daughter (supposed victim)
with the incidents and allegations and implications that had
been brought to the mother's attention as well as to that of
the gov't, public, private and family officials --- when the

(12)

daughter was placed in the appellant's care, charge control and custody, several years after the incidents, allegations and implications had taken place without doing anything about the matter. The lawyer was deficient in having not investigated those matters and many more, by not cross-examing the mother [Giselle Morch] on the witness stand about any of these listed and discribed matters as they were presented to him by the appellant.

See: [Elmire v.] Ozmit; 661 F.3rd 783 (4th Cir. 2010); [Wiggins v.] Cocoran; 288 F.3rd 629 (4th Cir. 2002).

Cause & Prejudice to play an important role in the lawyer's failure to investigate and that there was a complete break down in the Client / Lawyer relationship, that the lawyer had made several attempts to be removed from the case, and the appellant had made several attempts as well, yet, the trial judge, made the case and requested removal all about the court, stating that the appellant was trying to delay or hinder the prosecution --- in fact the appellant was trying to [NOT] hinder nor delay, but tried to get proper representatition, due to the fact that the case was all a sham and one that was not believable by any standad of the imagination where, his immediate family, friends, and collegues were of concern. See: [U.S. v. Mikalajunis]; 186 F.3rd 490, 493 (4th Cir. 1999) & [Cuyler v.] Sullivan; 446 U.S. 335, 348; 100 S.Ct 1708 (1980).

Amended Informal Brief


Issue 2. - Sentencing Disparity

The sentencing court; used Judge- Found-Factors to sentence the appellant; when it is undisputed that the appellant was never released from custody --- upon that of the receivership of the current governments given offense of: Title 18 Section 2422(b); Coercon and Enticement,

The applleant was originally arrested on September 03, 2009; on a charge of: one count personal bad check, pursuant to: D.C. Code Annotated: Section 22-1510 (1922); and therefore released on personal release. On that of March 18, 2010; appellant was than sentenced under the Federal Guidelines of Six months incarceration with Three years of Supervised Release. The appellant' Criminal History Guidelines was 3 points under the USSG of Category II. The appellant was never released from custody, and the bad check case was later vacated; after the appellant was subsequently issued a criminal charge of Title 18 Section 2422(b); Coercion and Enticement. What the court failed to do was accept the argument that the appellant has always contended that the Criminal History Score that the sentencing court and the AUSA had displayed based on the information provided to the U.S. Probations Office by them; was that the information was incorrect and that the sentencing guidelines issued to the appellant of: [CHS] 12 in Category V was completely incorrect. That even with that of the incorrect Criminal History Score [CHS] of 12 with a Category of V give that of the appellant a USSG range of 292 to 365; was truly way out of the ball park

range, when the actual and original [CHS] is 3 with a Category
II range leaving him at 84 to 108 months, which fell below the
given Title 18 Section 2422(b) min./man. sentence given of: 10
years to Life. Yet, the sentencing court still gave the
appellant an outside of the guideline sentence; issuing him a
full LIFE term --- as well as sentenced him to service it in a
Federal Terrorist Unit [CMU] located in; Terre Haute, Indiana.
[U]nder the case [Molina-Martinez v.] United States; 136 S.Ct
0026 (2016) --- The Supreme Court, stated:

       [U]nder the United States Sentencing Guidelines
[USSG], prior sentences are counted as a single sentence if
they were imposed on the same day, unless the offense were
separated by an intervening arrest.

       [N]ormally, when there is a correct or incorrct range
that 'overlaps' and that of the defedant is sentenced within
the overlap courts do not assume in the absence any ad-
ditional evidence, that the sentence affects a defendant's
substantial rights. Because it was objected to, on that ground
within the district court. It is subjected to 'PLAIN ERROR'
analysis.
See: United States [v. Mudekunye]; 646 F.3d 281 (5th Cir.
2011): and [Puckett v.] United States; 566 U.S. 129, 135; 129
S.Ct. 1423 (2009) citing...

       ("[I]f the defendant makes a showing,
      the court has the discretion to in
      fact correct the error, if it does
      seriously affeects the fairness,
      integrity, or public reputation of
      judicial decisin or judicial proce-

edingd. Id.........

[A] court abuses its discretion --- if the decison is
guided by or is based on bad or erroneous legal principles, or
rest upon a clearly faulty [f]actual findings:
See: Gall; 169 L.Ed 2d 2d 445. (citing....

Under the deferential abuse-of-
discretion standard, the Appellate
Court failed to give 'due diligence'
to the District Court's reasoned and
reasonable decision that the section
3553(a) [f]act[or]s justified the
imposed sentence.

(18)

Amended Informal Brief:

Issue 3. - Batson Violation

The Jury Selection, during the trial of the appellant was, made up of all twelve women [ten black women and that of two white women in the venire --- with that of two males as alternates] The appel- lant sought to argue; that there were 12 women on the jury pool,yet, the AUSA sought request that the defense give a 'PRIMA FACIE SHOWING' of their strikes, but it was that of the Court and the AUSA's that made that of the improper jury --- by 'GENDER' only.

The trial commenced with an all women jury of twelve women [ten black & two white women] the trial went on for three days from that of April 19 through April 21, 2011; and during that time; other than the two United States Postal Officer's all of the Government's witness were women, with the Counselor of Record {not} producing any type of witnesses for the defense. The Government key witness, Mrs. Morch-KeMache-Webster-Tobe the ex-spouse of the appellant; was not crossed examined nor asked [a]ny pertinent or useful questions to certify or clarify the appellants alibi on the reasoning for that of the communications and conversations that had transpired between the appellant, and; his than teenaged daughter --- which would of verified and produced relevant and informative information that the appellant did not have nor posses the wherewithal of there being an abnormal or as the Government had addressed an incestuous relationship; [which was not what the appellant was charged with, admitted to nor indicted for].

(17)

During the 'PRIMA FACIE SHOWING' the AUSA, had referenced to the Court; that the defense were the ones that made the all too important strikes, yet, it was the Court that had stressed that the defense had made four (4) strikes of white males, which had reduced the venire pool of having all of the women placed on the venerie selection.

It was later reveled that during the argument of the 'PRIMA FACIE SHOWING' That it was in fact, the COURT --- that made the all too important strikes that had reduced the pool selection:
See: United States [v. KeMache-Webster]; 10- cr-0654-RWT-1 Trial Transcripts Apr. 19,2011  Page 77 of Voir Dire Trans. Line 19-25

19.    Ms. Belf: The government believes there
         may be a basis to challenge the jury.
         However, we are not permitted without
         first receiving authorization from our
         office. To be very brief could just...
23.  have five minutes ? You can hold court        if you want
to have one of us run up-
         stairs.
25.    Mr. Proctor: Judge although the govern-        ment
         Page 78 of Voir Dire Trans. Line 1-6

1.    Mr. Proctor: hasn't made a prima facie      showing,
by my count I know what they

    permission to seek. I struck six women.

    I'm sorry, six white people, three      black
people, and one mother I think is      probably Asian. And I
struck four men      and six women. there is not going to be
6.  even a prima facie showing, so I ask

    that you deny it.


    Page 78 of Voir Dire Trans. Line 20-25


20.    Ms. Belf: Your Honor, at this time gov-      ernment
would like a reverse Batson

    Challenge to this jury. We belive the      defendant
has exercised his strike in-      appropriately, specifically
to strike

    all white male members from the venire.
24.  We believe they cannot provide an ade-
25.  quate explanation for the three strike

    parcticularly.......


    Page 79 of Voir Dire Trans. Line 1-4


1.    Ms. Belf: as several of these individ-
    uals never came to the bench to address      any
additional questions.
3/4. Mr. Proctor: I believe the government
    has to prove a prima facie case.

(19)

The Court than explained that under that of 'Batson', "once the opponent of a peremptory challenge, has made out a prima facie case of racial discrimination (step 1) ... the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation; than (step 2) ... if a race-neutral explanation is tended the trial court must decide, (step 3)... whether the opponent of the strike has, in fact  provided purposeful racial discrimina- tion. * * *

See United States [v. KeMcahe-Webster]; 10-cr-0654-RWT-1 Jury Transcript April 19, 2011


Page 79 of Voir Dire Trans. Line 15-25


15.    Mr. Proctor: Six females

16.    The Court:   Six were female, excuse me      Well I didn't count the alternate            strikes.

18.    Mr. Proctor: I have one of the white      people as a mother, and my client does

       not agree with me on that.

20.    The Court: Ultimately stricken - I have          an Asian, and I could be wrong.

22.    Mr. Proctor: No. I think you're right      on that. The government is incorrect. I

    put two white males on the jury. I          don't who struck them, but I didn't. It   is not accurate to say I struck all the  white.........

Page 80 of Voir Dire Trans. Line 1-8


1.      Mr. Proctor: males. I didn't Except for

        Juror 306.

2.      The Court: Four white males you struck.        Four

males, excuse me Four males.

4.      Ms. Belf: The three white males, were

        struck by the defense.

5.      Excuse me ?

6.      Ms. Belf:       The three white males, were

        struck by the COURT.......

        Please see: Voir Dire Tanscrpition in their full

entirety pages 77 through 84.... April 19, 2011   Voir Dire


        The appellant's contention, is that the

AUSA and / or the court may not strike [a]ny potential jurors

solely on the basis of: race or gender; does not imply the

elimina- tion of all peremtory challeges. Neither does it

conflict with a State's legitimate intrest in using such

challenges in its efforts to secure a [FAIR] trial, and also a

[FAIR] and [IMPARTIAL] jury. Having [FAILED] to provide the

appllant and jurors the same protections againt race and /

or gender nulification [discrimination], as a race and /or

gender discrimination has frustrated the true and real purpose

of Batson and Alabama, in and of itself. Because race and

gender discrimination are overlapping categories, gender can

be used as a pretext for racial discrimination. Allowing

parties to remove racial minorities from the jury not because

of their race, but because of their gender, contravenes well-

(21)

balanced and well-estab-

lished equal protection principles and could insulate

effectively racial discrimination from the judicial scrutiny.

This is a vio-

lation of the Sixth Amendment -- Effective Counsel, the Fifth

Amendment -- Due Process Clause, the Fourteenth Amendment --

Equal Protection and Due Process Clause of: The United States

Constitution as written.

Amended Informal Brief:


Issue 4. - Variance of Indictment

When a criminal complaint is written and presented to its citizen the United States Constitutions Fourth and, also Fourteenth Amendment applies --- under the 'Presentment of Indictment' and the 'Due Process Clause' as well as also the 'Equal Protections Clause'......

When a presentation of an indictment is issued, it must be certified by a Grand Jury and must state; all of the elements of the presentment as well as also the nature of the offense and a description of its violation, e.g.....its Title and Statute as it is written on its face by the State and /or by Congress. When the presentment is rewritten without that of the Grand Jury, additional presentments become an issue to that of the presentment, it must be either, acknowledged by the actor, plead guilty to or issued by the Grand Jury. See: United States [v. Can- Celliere];69 F.3d 1116 (11the Cir. 1995); and also; United States [v. Dipentino]; 242 F.3d 1090 (9th Cir. 2001); United Stes [v. Farr]; 536 F3d 1174 (19th Cir. 2008). The Due Pro- cess Clause of the Fourteenth Amendment is to protect [a]ny individual against governmental deprivation of: {liberty}, also {life} and {property}, as those words have been interpreted and given meaning over the life of our republic without the due process of the law. See: Board of Regents v. Roth; 408 U.S. 570-71 (4th Cir. 1972).

The touchstone of the due process is protection of the individual(s) against any arbitrary actions of government,

"whether the fault lies in the denial of a fundamental procedural fairness (i.e. denial of procedural due process guarantees) or in an exercise of power without any reasonable justification in the service of a legitament governmental objective; (i.e. denial of substantive due process guarantees).....

Herein, the appellant was charged in a one count indictment on October 23, 2010; to Title 18 Section 2422(b); to Coercion and Enticement of a Minor --- his biological teenaged daughter. The appellant was not charged nor indicted for [a]ny additional charges nor overt acts, nor was there a victim listed, described nor presented for pre-trial motions nor trial, yet, the United States Government and the Court, stated that the appellant and the teenaged daughter had an incestuous relationship and that is what was presented to the jury of twelve women (two white women and ten black women). The appellant was found guilty of a completed offense of Title 18 Section 2422(b), based on information not found by a Grand Jury, nor charged with nor announced or pled guilty to by the appellant. The Trial / Sentencing Judge; Roger W. Titus; imposed a LIFE sentence on the appellant and ORDERED him to service that sentence in the BOP's Counter Terrorism Unit [CTU] of Terre Haute, Indiana's Communications Management Unit, for the duration of his sentence. All a true and dreadful violation of the appellant's United States Constitutional Rights of the Fourth and Fourteenth Amendment.

WHEEREFORE:

The appellant, does affirm under the

(24)

Penalties of Perjury; Pursuant To:
Title 28 Section 1746, that all of the
given information on this 7th day of
November, 2016 is true, correct and
also accurate to the best of his
acknowledgement and abilities.

07 Nov. 2016     Mr. F.B. KeMache-Webster

(25)

From:     Jon-Francsiour B. KeMache-Webster

          USM # 42459-007

          United States  Tucson C2

          Post Office Box - 24550

          Tucson, Arizona, 85734-4550


To:       The Honorable Clerk of the Court

          Mr, Jeffery S. Neal, Deputy Clerk

          Co/via Ms. Patricia Connor, Clerk

          United States Court of Appeals

          For The Forth Circuit Court

          1100 East Main Street, 5th Floor

          Richmond, Virginia 23219


Case:   United States of America

              v.     KeMache-Webster

Case No. 16-7208

Reflecting: 8:10-cr-0654-RWT-1 &

            8:14-cv-2005-RWT-1

Subject:        Rule 45 Notice - Remedied


          07 November 2016


          Your Honorable Clerk of the Court;

                As you are reading this, I wish you and yours

well. Please find attached; an

amended filing to the above styled case. On

or about Friday, November 04, 2016; I became in receivership

of the enclosed default, in

which pursuant to: FRAP Rule 45, I am suppose to cure. I had
sent the original filing in by the required date, by having
placed in the institutional mail box of the institutions
mailroom on that of October 19, 2016 --- which should of had
reached your office on or before the sending of this notice at
the latest; yet on or about the due date of October 24, 2016;
by the requested extension date. I wish to extend my apology
for any inconvenience that I may have given or provided on my
part; if by chance that is the case. It truly was not my
intentions.

Also please find included the attached completion of
the required form, to therein be entered as that of an amended
filing --- to the above styled case number; in Pursuant To:
The  Federal Rule of Civil Procedure: Rule 15......

The 'Declaration of Inmate Filing' is herein signed on
this 07th day of November of the year 2016.

My Issues for appeal on amend are:


Issue 1. - Conflict of Interest
              A violation as applied under the U.S.
Constitutions: Sixth Amendment of the: 'Effective Assistance
of Counsel'


Issue 2. - Sentencing Disparity
              A violation as applied under the U.S.
Constitutions: Fifth and Fourteenth Amendment of the: 'Due
Process Clause & Equal Protection Clause'


Issue 3. - Batson Violation

A violation as applied under the U.S. Constitutions: Fourth, Fifth and also, Fourteenth Amendment of the: 'Trial By Jury, The Due Process Clause, and also The Equal Protection Clause'

Issue 4. - Variance of Indictment

A violation as applied under the U.S. Constitutions: Fourth and Fourteenth Amendment of the:'Presentment of Indictment, The Due Process Clause, and also The Equal Protection Clause'

These are arguments that are already set out in the original filing, I have just expelled upon them to make the proper 'prima facie showing'. I thank you in advance for all of your efforts, aid, assistance, help and support towards my endeavors. In my close may I humbly request that this be forwarded to all parties involved by {ECF} and that I be forwarded a copy of this filing as well with the enclosed attached envelope. Again, Thank you, take care & may GOD bless you and yours.

Respectfully sent;

07 November 2016     JF. B KeMache-Webster

cc:

file

record

self



The United States Court of Appeals
For The Fourth Circuit
1100 East Main Street Suite - 501
Richmond, Virginia 23219

~ Court - Mail ~ Court Mail ~ Court Mail - Court

Legal Mail

Addressed To:
Forwarded To:

Ms. Fontgnaveraux B. Kt Merdie - H#
USM: # 424 59 - 007
United States Penitentiary Tucson
Post Office Box 24550
Tucson, Arizona 85734 - 4550